**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| RUEBEN JIMINEZ, § § Plaintiff. § § v. § § COMMISSIONER OF SOCIAL § SECURITY, § § Defendant. § | CIVIL ACTION NO. 4:22-cv-00659 |

## OPINION AND ORDER

Plaintiff Rueben Jiminez ("Jiminez") seeks judicial review of an administrative decision denying his application for disability insurance benefits under Title II of the Social Security Act (the "Act"). *See* Dkt. 1. Before me are competing motions for summary judgment filed by Jiminez and Defendant Kilolo Kijakazi, the Acting Commissioner of the Social Security Administration (the "Commissioner"). *See* Dkts. 19, 20. After reviewing the briefing, the record, and the applicable law, Jiminez's motion for summary judgment (Dkt. 19) is **DENIED**, and the Commissioner's motion for summary judgment (Dkt. 20) is **GRANTED**.

## BACKGROUND

On June 14, 2019, Jiminez filed an application for Title II disability insurance benefits, alleging disability beginning November 21, 2018. Jiminez's application was denied and denied again upon reconsideration. Subsequently, an Administrative Law Judge ("ALJ") held a hearing and found that Jiminez was not disabled. Jiminez filed an appeal with the Appeals Council. The Appeals Council denied review, making the ALJ's decision final and ripe for judicial review.

## APPLICABLE LAW

The standard of judicial review for disability appeals is provided in 42 U.S.C. § 405(g). *See Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). Courts reviewing the Commissioner's denial of social security disability applications limit

their analysis to "(1) whether the Commissioner applied the proper legal standards; and (2) whether the Commissioner's decision is supported by substantial evidence on the record as a whole." *Est. of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000). Addressing the evidentiary standard, the Fifth Circuit has explained:

> Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance. It is the role of the Commissioner, and not the courts, to resolve conflicts in the evidence. As a result, [a] court cannot reweigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision. A finding of no substantial evidence is warranted only where there is a conspicuous absence of credible choices or no contrary medical evidence.

*Ramirez v. Colvin*, 606 F. App'x 775, 777 (5th Cir. 2015) (cleaned up). Judicial review is limited to the reasons relied on as stated in the ALJ's decision, and *post hoc* rationalizations are not to be considered. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947).

Under the Act, "a claimant is disabled only if she is incapable of engaging in *any* substantial gainful activity." *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) (quotation omitted). The Commissioner uses a five-step approach to determine if a claimant is disabled, including:

> (1) whether the claimant is presently performing substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity.

*Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (quoting *Kneeland v. Berryhill*, 850 F.3d 749, 753 (5th Cir. 2017)).

The burden of proof lies with the claimant during the first four steps before shifting to the Commissioner at Step 5. *See id*. Between Steps 3 and 4, the ALJ considers the claimant's residual functional capacity ("RFC"), which serves as an

indicator of the claimant's maximum capabilities given the physical and mental limitations detailed in the administrative record. *See Kneeland*, 850 F.3d at 754. The RFC also helps the ALJ "determine whether the claimant is able to do her past work or other available work." *Id.*

## THE ALJ'S DECISION

The ALJ found at Step 1 that Jiminez had not engaged in substantial gainful activity since November 21, 2018, the alleged onset date. *See* Dkt. 14-3 at 24.

The ALJ found at Step 2 that Jiminez suffered from "the following severe impairments: diabetes mellitus and left shoulder arthritis." *Id.*

At Step 3, the ALJ found that none of these impairments met any of the Social Security Administration's listed impairments. *See id.* at 25–26.

Prior to consideration of Step 4, the ALJ determined Jiminez's RFC as follows:

> [Jiminez] has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except he can frequently push, pull, and reach in front, lateral and overhead with the left upper extremity.

*Id.* at 26.

At Step 4, the ALJ found that "[Jiminez] is capable of performing past relevant work as a shipping and receiving clerk: DOT number 222.387-050. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity." *Id.* at 31. Because the ALJ found that Jiminez is capable of performing past relevant work, the ALJ found that Jiminez is not disabled. *See id.* at 32.

## DISCUSSION

Jiminez advances several arguments why I should reverse the ALJ's decision, but all are in furtherance of one issue: whether the ALJ's decision is supported by substantial evidence. For the reasons explained below, I find it is.

Jiminez's first point of contention is that the "ALJ erred at Step 2 by finding no severe cognitive or mental impairments, and only limited physical

impairments." Dkt. 19 at 3. This argument is without merit because the ALJ proceeded past Step 2, so any error was harmless. *See Jones v. Astrue*, 821 F. Supp. 2d 842, 850 (N.D. Tex. 2011) (failure to find an impairment severe at Step 2 "is not reversible [error] if the ALJ proceeded beyond the second step of the five-step sequential analysis in analyzing the claimant's impairments, thereby allowing the district court to infer that the ALJ did find the impairment severe").

Jiminez acknowledges this fact in his briefing, citing *Gibbons v. Colvin*, No. 3:12-CV-0427, 2013 WL 1293902 (N.D. Tex. Mar. 30, 2013), for the proposition that a Step 2 error "is harmless error *so long as* the ALJ considers those impairments in the RFC." Dkt. 19 at 8. The error in *Gibbons* was the ALJ's failure to "address Plaintiff's arthritis at *any* step of the disability analysis." *Gibbons*, 2013 WL 1293902, at *19 (emphasis added). In contrast, the ALJ here explicitly considered Jiminez's "cognitive disorder, major depressive disorder, anxiety disorder, bilateral knee pain, diabetic neuropathy, and right shoulder pain" in formulating Jiminez's RFC. Dkt. 19 at 7. Specifically, the ALJ discussed that [Jiminez] testified "that he has had depression his entire life," "had trouble with his shoulder and knees as well," "has pain in his legs and feet," "has difficulty concentrating," "has anxiety and agoraphobia," and "has panic attacks." Dkt. 14-3 at 27. In formulating Jiminez's RFC, the ALJ also noted that Jiminez "completed a function report in which he reported that he has difficulty with his memory, concentration, making decision, and responding to changes in a work setting" and "has pain in both knees and his shoulders as well and neuropathy." *Id*. Accordingly, the ALJ considered every impairment that Jiminez testified to having in formulating Jiminez's RFC. In doing so, the ALJ found Jiminez's "statements concerning the intensity, persistence and limiting effects of these symptoms [to be] not entirely consistent with the medical evidence and other evidence in the record." *Id*. at 28.

It is the ALJ's rejection of Jiminez's description of his symptoms with which Jiminez really takes issue. Specifically, Jiminez argues that his "well documented

4

knee pain, diabetic neuropathy, biceps tendonitis, and bilateral shoulder pain would keep him from doing the heavy lifting and frequent standing associated with medium work"; and he argues that "should [he] suffer a panic attack or have cognitive issues while performing this work, he could endanger himself and other co-workers." Dkt. 19 at 9. Jiminez acknowledges that "the ALJ summarized the medical evidence," but contends that "the RFC assessment is simply conclusory and does not contain any rationale or reference to the supporting evidence." *Id.* at 11. I disagree.

The ALJ found persuasive the opinions of two state agency psychologists who "opined that [Jiminez] did not have a severe mental impairment," and the opinion of a state agency doctor who "opined that [Jiminez] could perform medium work with frequent reaching in front and or laterally and overhead with the left shoulder." Dkt. 14-3 at 29–30. Moreover, the ALJ observed that Jiminez "is only getting treatment for mild arthritis" and "taking medication for diabetes with neuropathy," which is "conservative" treatment. *Id.* at 29. "If an impairment reasonably can be remedied or controlled by medication or therapy, it cannot serve as a basis for a finding of disability." *Johnson v. Bowen*, 864 F.2d 340, 348 (5th Cir. 1988). The ALJ also noted that despite testifying "that he does not drive . . . due to blurry vision and not being able to turn the steering wheel quickly[, t]he record shows, however, that [Jiminez] did drive to the consultative examination." Dkt. 14-3 at 29. The inconsistencies between Jiminez's alleged impairments and the evidence as a whole constitute substantial evidence supporting the ALJ's decision. *See Vaughan v. Shalala*, 58 F.3d 129, 131 (5th Cir. 1995).

Lastly, Jiminez argues that because the ALJ erred in determining Jiminez's RFC, "all subsequent analysis is fatally poisoned." Dkt. 19 at 10. Specifically, Jiminez contends that "the ALJ further erred by relying on the testimony of the [vocational expert] in response to hypothetical questions based on that flawed RFC." *Id.* Because I have already found that the ALJ's RFC is supported by substantial evidence, this argument necessarily fails.

5

## CONCLUSION

For the reasons provided above, Jiminez's motion for summary judgment (Dkt. 19) is **DENIED**, and the Commissioner's motion for summary judgment (Dkt. 20) is **GRANTED**.

SIGNED this 29th day of September 2023.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE